IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MUHAMMAD MUSTAFA-ALI                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 2:03-cv-594-MTP

BARON IRVIN, *et al.*                                                   DEFENDANTS

## OPINION AND ORDER

THIS CAUSE brought pursuant to 42 U.S.C. § 1983 is before the court on Defendant Albert Preston's Motion for Qualified Immunity, Stay and to Dismiss, or in the Alternative, Requests for a More Definite Statement [88].[1]  For the reasons explained below, the court finds that the motion to dismiss should be granted.

## THE BASIS FOR DISMISSAL

The plaintiff, a pretrial detainee at the time this action was filed,[2] is proceeding *pro se* and *in forma pauperis*.  Although he has stated only in the most general of terms that Defendant Preston violated his constitutional rights,[3] liberally construing the plaintiff's claims as the court is required to do,[4] his contentions appear to be that Defendant Preston conspired to violate his constitutional rights and denied him medical care.[5]  These claims arise from events surrounding

---

[1] The motion is based in part on Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal when the complaint "fails to state a claim upon which relief can be granted."

[2] He has since been released from custody.

[3] Amended Complaint [3] at hand-written page 5; Amended Complaint [9] at 1, 2.

[4] *Pena v. United States,* 122 F.3d 3, 4 (5th Cir. 1997). On April 12, 2005, the court conducted a screening or omnibus hearing in this matter to allow the plaintiff to clarify his allegations pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). A prisoner's testimony during a *Spears* hearing becomes a part of his pleadings.  *See Eason v. Holt,* 73 F.3d 600, 602 (5th Cir. 1996).

[5] On October 29, 2004, the court ordered that "all claims against defendant Preston except for the alleged denial of medical care and his alleged involvement in a conspiracy are dismissed from this

Mustafa-Ali's October 2003 arrest on two false pretense charges brought against him by Defendant Baron Irvin, who was his attorney and business associate.

The plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999). It "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers. It reaches no further than deprivation of a federally protected or constitutionally secured right or privilege." *Villanueva v. McInnis,* 723 F.2d 414, 418 (5th Cir. 1984) (internal quotations and citation omitted). Maintenance of a section 1983 claim requires the plaintiff to establish two essential elements: "First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Augustine v. Doe,* 740 F.2d 322, 324 (5th Cir. 1984). If the plaintiff "is unable to point to a specific constitutional right that has been violated, the claim will fail." *Jones v. Greninger,* 188 F.3d 322, 325 (5th Cir. 1999).[6] As there can be no liability under section 1983 without a deprivation of a constitutional right or privilege, the question in this case is whether Mustafa-Ali has sufficiently alleged such a deprivation to withstand dismissal at this stage of the proceedings. *See Villanueva v. McInnis,* 723 F.2d 414, 418 (5th Cir. 1984).

Although a *pro se* litigant's complaint is to be liberally construed and "all well pleaded

---

action." Order 16 at 5-6.

[6] The *Jones* court also observed that dismissal is appropriate if "the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove *consistent with the allegations in the complaint.*" 188 F.3d at 324 (emphasis added).

averments" must be accepted as true,[7] the court is not allowed "to conjure up unpled allegations." *McFadden v. Lucas,* 713 F.2d 143, 147 n.4 (5th Cir. 1983).  Even a *pro se* litigant must set forth facts giving rise to a claim on which relief may be granted.  *Id.* at 146-47.   To do this, the plaintiff must make more than conclusional assertions:  He must allege specific facts as to specific conduct giving rise to a constitutional violation.  *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). As to the claims made in this case against Defendant Preston, the plaintiff wholly fails to make any allegation that rises to the level of a constitutional deprivation.[8]

## THE CONSPIRACY CLAIM

The plaintiff initially brought this action against only Baron Irvin.  In that complaint [1], filed December 10, 2003,  he claims that while Irvin was his attorney,[9] the plaintiff "let him borrow well over 25,000.000."  The plaintiff also claims that he was "locked up...for uttering and forgery charges taken out by Baron Irvin...because I refused to give him more money."  In the amended complaint  [3], he again charges that Irvin "went [and] took out uttering & forgery charges" but claims that Irvin's reason for doing this was to "keep from paying me back."  The plaintiff further alleges against Irvin that "because of his underhanded tactis (way) I was arrested and brought to Marion County on October 8, 2003.  And charged with uttering and forgery and kidnapping." In the amended complaint, the plaintiff seeks to add "Albert Lee Preston–

---

[7] *See Eason v. Holt,* 73 F.3d 600, 601 (5th Cir. 1996).

[8] In deciding a 12(b)(6) motion to dismiss, the court's consideration of matters of public record does not convert the motion into one for summary judgment. *Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994); *see also Davis v. Bayless,* 70 F.3d 367, 372 n. 3 (5th Cir. 1995)(noting that "the presence of affidavits in the record that were not relied upon by the district court does not convert the motion to dismiss into one for summary judgment")

[9] Mustafa-Ali hired Irvin to do the legal work to have Mustafa-Ali appointed his uncle's conservator.   Mustafa-Ali was arrested on charges of kidnapping his uncle at the same time he was arrested on the charges brought by Irvin, but he does not allege that Irvin caused the kidnapping charge to be brought.

Investagator City Police" as a defendant, claiming as to Preston only that "the Investagator will not talk to me or give me no arrest reports, showing charges and who said...what."

Ordered to "specifically state how defendant Albert Lee Preston violated his constitutional rights,"[10] the plaintiff responded in part that "Det. Preston is working in conjunction with Attorney Baron Irvin the person who I took this lawsuit out against trying to help him cover up his wrongdoings." Amended Complaint [9] at 3. Attached to that amended complaint are copies of the kidnapping and false pretenses warrants upon which the plaintiff was arrested showing that Detective Albert Preston was the one who executed them.[11]

At his *Spears* hearing, testified with respect to his arrest on the false pretenses and kidnapping charges as follows:

> At that particular time, I spoke with the judge–the justice court judge and explained to her that I couldn't be charged with kidnapping because I was the conservator for my uncle and had gone to the chancery court clerk and had been assigned conservator. At that point she asked Detective Albert Preston not to charge me, but to check into it. ... But he went ahead and charged me anyway. The two false pretense charges were brought against me by attorney Baron Irvin, who was my attorney-in fact. ...And he and I were doing business together as well.

Transcript 9: 6-25. As to the charges brought against him by Irvin, the plaintiff further testified: "And upon his filing the charges, I asked Detective Preston–I told him–I said, 'Well, the charges are incorrect because I had loaned him a lot of money. And instead of him trying to pay me back, he started to vacillate, give me excuses and things like that.'" Transcript 9: 25–10: 4. After further describing his dealings with Irvin, the plaintiff refers to another conversation with Preston: "At that point, I sat down and talked to Detective Preston, explained everything to him and asked him to get the court records–I mean, the bank records and it would show what I was

---

[10] Order [8] entered April 20, 2004.

[11] The charging affidavits executed by Baron Irvin for the two counts of false pretenses upon which the plaintiff was arrested are attached as exhibits B and C to Preston's motion.

4

talking about." Transcript 11: 6-9.

Taking all these allegations as true, it appears that Baron Irvin swore out false pretense charges against the plaintiff, that warrants issued for the plaintiff's arrest on those charges and one for kidnapping, that Albert Preston executed the warrants by arresting the plaintiff, and that Preston did not dismiss the charges on the basis of the plaintiff's contentions that they were unfounded. A conspiracy cannot, however, be "divined" from these allegations. *See Arsenaux v. Roberts,* 726 F.2d 1022, 1024 (5th Cir. 1982).

For a conspiracy claim to survive a motion to dismiss, something "more than a blanket of accusation" [12] and conclusory allegations is required: "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act. ... Mere conclusory allegations of conspiracy cannot, absent reference to material facts constitute grounds for § 1983 relief." *Dayse v. Schuldt,* 894 F.2d 170, 173 (5th Cir. 1990). Nowhere in any of the plaintiff's allegations is there even one that would show that Preston agreed with anyone to commit an illegal act. Thus, on this basis alone, the plaintiff's conspiracy claim must fail. *See Dayse v. Schuldt,* 894 F.2d at 173; *see also Hunter v. City of Monroe,* 128 Fed. Appx. 374, 375 (5th Cir. 2005); *McCall v. Peters,* 108 Fed. Appx. 862, 863 (5th Cir. 2004).

Additionally, even if the plaintiff can be deemed to have alleged a conspiracy by contending that "Det. Preston is working in conjunction with Attorney Baron Irvin"and even if his contentions are construed as being that he bases his conspiracy claim against Preston on malicious prosecution, the plaintiff still cannot show that his arrest and detention entailed a violation of his constitutional rights. To state a cognizable section 1983 claim for conspiracy "it remains necessary to prove an actual deprivation of a constitutional right; a conspiracy to deprive

---

[12]*Arsenaux v. Roberts,* 726 F.2d 1022, 1024 (5th Cir. 1982).

is insufficient." *Villanueva v. McInnis,* 723 F.2d 414, 418 (5th Cir. 1984).

Whether alleged against Preston as the basis for the conspiracy claim or otherwise, "'malicious prosecution' standing alone is no violation of the United States Constitution." *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003); *see also Haggerty v. Texas Southern Univ.,* 391 F.3d 653, 658 (5th Cir. 2004) (applying the *Castellano* rule and ordering dismissal of section 1983 malicious prosecution claim).  Because "[t]here is no longer a freestanding section 1983 claim for malicious prosecution in this circuit" any such claim against Preston must fail. *See Figgs v. Vrazel,* 106 Fed. Appx. 260, 261 (5th Cir. 2004)(holding that institution of proceedings without probable cause did not state a claim and affirming dismissal of malicious prosecution claim); *see also Izen v. Catalina,* 398 F.3d at 367 (affirming summary judgment on malicious prosecution claim "because Izen's complaint [did] not state a claim under the Fourth Amendment directly"); *Granger v. Slade,* 361 F. Supp. 2d 588, 593 & n. 2 (S.D. Miss. 2005) (citing *Castellano* and holding that "a claim against the City for malicious prosecution based on an allegation that the City initiated criminal proceedings...without probable cause does not state a claim.").  If the plaintiff's constitutional rights have not been violated, "no basis exist[s] for assigning liability for conspiracy," making dismissal of the claim appropriate. *Gillum v. City of Kerrville,* 3 F.3d 117, 123 (5th Cir. 1993); *see also Villanueva v. McInnis,* 723 F.2d 414, 419 (5th Cir. 1984) (finding "failure to prove a constitutional deprivation dispositive" of conspiracy-to-murder claim where no murder had occurred and reversing judgment in favor of the plaintiff).

## THE DENIAL OF MEDICAL CARE CLAIM

The plaintiff describes his medical condition as follows:  "I have a medical condition

called scardois[13] of the lungs (and from that condition I suffer from pneumonia which settle in my lungs). This condition is called walking pneumonia, and my lungs fill up with fluid that must be pumped off. Or it cause me a lot of discomfort and chest constantly hurts." Amended Complaint [11] at 1. Prior to the plaintiff's October 2003 arrest on the kidnapping and false pretenses charges and his detention at the Marion County jail, he was detained at the Forrest County jail on a misdemeanor warrant. While he was there he claims that a medical form was issued "stating that I need to go to hospital for x-rays and treatment of my lung condition." Amended Complaint [11] at 1. He also claims that when he was transported from Forrest County to Marion County, the medical form was given to the transporting officer. Amended Complaint [11] at 1. According to the plaintiff, the transporting officer "got me to Detective Preston. He was too busy to see me, but he told–Detective Preston told him to leave all the paperwork with him and just take me to the jail. And that's what he did." Tr. 19: 9-12.

In response to the court's order that he "specifically state how defendant Albert Lee Preston violated his constitutional rights," the plaintiff stated:

> Officer Preston has also denied me medical attention, for when I was transported here there were medical papers sent by the jail with Officer Parkman where I needed medical attention. I ask for those papers in October 2003 and again in April 2004, Det. Preston refuses to release them to me, so I can give them to Nurse here to get medical attention I need.

Amended Complaint [9] at 2-3. However, the plaintiff admits that while he was in the county jail side of the Marion Walthall Correctional Facility, he "request[ed] to go to the sick call through the nurse...many times." Tr. 21: 5-7.[14]

---

[13] In his *Spears* hearing testimony, the plaintiff refers to the condition as "sarcoidosis." Tr. 18: 24.

[14] The plaintiff has a separate claim for denial of medical treatment pending against other defendants. That claim apparently arises from his contention that "if you fill out [a sick call] and you hand it to them,...they don't respond. [T]hey never got answered. They'll come in, put a stethoscope on

7

Although the plaintiff has been consistent in his claim that Preston was in possession of these medical documents and has perhaps even taken the position that Preston's alleged failure to "release" them somehow could have affected treatment the plaintiff received after his transfer to Marion County,[15] these allegations alone are insufficient to support a remediable claim for denial of medical care against Preston.

The Constitution only prohibits "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 105-06 (1976). It does not impose liability for simple carelessness or inadvertent failure to provide appropriate medical care.  *Id.*  Although a pretrial detainee does have "a constitutional right, under the Due Process Clause of the Fourteenth Amendment not to have [his] serious medical needs met with deliberate indifference on the part of the confining officials,"[16] to prevail on a section 1983 claim, a pretrial detainee must show that the defendant "had subjective knowledge of a substantial risk of serious harm to a pretrial detainee, but responded with deliberate indifference to that risk." *Hare v. City of Corinth,  Miss.,* 74 F.3d 633, 650 (5th Cir.1996) (en banc).  The standard is "not whether the [defendants] 'knew or should have known,' but whether they had gained *actual knowledge* of the substantial risk...and responded with deliberate indifference." *Hare v. City of Corinth,  Miss.,* 74 F.3d at 650 (emphasis added).

Deliberate indifference is an extremely high standard to meet:  "[T]he plaintiff must show that the [defendant] refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for

---

your back and say, 'You're all right.  Go ahead.'" Tr. 21: 11-17.

[15] Tr. 19: 12-17.

[16] *Thompson v. Upshur County, Tex.,* 245 F.3d 447, 457 (5th Cir. 2001).

8

any serious medical needs." *Domino v. Texas Dept. Of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotations and citation omitted). The "failure to alleviate a significant risk that [the defendant] should have perceived but did not" is insufficient to show deliberate indifference. *Id.* Neither can deliberate indifference be inferred from an official's failure to act reasonably. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 649 (5th Cir. 1996). Nowhere in any of the plaintiff's contentions does it appear that Preston even knew of the plaintiff's claimed medical condition let alone that any of Preston's actions or inactions were sufficient to meet the stringent *Domino* standard.

Even taking Mustafa-Ali's allegations as claims that he should have been examined or received treatment sooner, those claims constitute negligence rather than deliberate indifference and are insufficient to establish an unconstitutional denial of medical care. *See Randall v. Behrns*, 141 Fed. Appx. 307, at *1 (5th Cir. 2005) (citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)). Additionally, it appears from his Spears hearing testimony that Mustafa-Ali did receive some treatment,[17] even though it may not have been the treatment that he believed he should have received.

Just as the Constitution does not forbid negligence, neither does it require that the plaintiff be given the "best" medical treatment available. *McMahon v. Beard,* 583 F.2d 172, 174 (5th Cir. 1978). Even if the plaintiff does contend that he should have received the treatment in Marion County that he might have received in Forrest County, that contention constitutes nothing more than a disagreement with the medical treatment that he was provided and does not establish deliberate indifference to his serious medical needs sufficient to give rise to a constitutional claim under section 1983. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *see also*

---

[17] *See* note 14.

*Gobert v. Caldwell,* 463 F.3d 339, 350 n.33 (5th Cir. 2006) (noting that "failure to receive the most effective treatment cannot form the basis of deliberate indifference but, rather sounds in negligence"). As a result, Mustafa-Ali's claim against Preston for denial of medical care likewise fails.

## CONCLUSION

Dismissal of a prisoner's suit for failure to state a claim "without giving the plaintiff an opportunity to amend" is generally unjustified. *Jones v. Greninger,* 188 F.3d 322, 326 (5th Cir. 1999) (affirming dismissal for failure to state a claim). However, dismissal is appropriate "if a complaint alleges the plaintiff's best case" so that "a further factual statement from the plaintiff" is not warranted. *Id.* at 327. The plaintiff in this case amended his complaint four times prior to entry of the court's order dismissing any claims against Defendant Preston except those for conspiracy and denial of medical care. Six months after entry of that order, he had the benefit of a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985) to allow him to elaborate further on his claims. Under these circumstances, dismissal without allowing him yet another opportunity to amend is appropriate:

> [I]f the protections afforded public officials are not to ring hollow, plaintiffs cannot be allowed to continue to amend or supplement their pleading until they stumble upon a formula that carries them over the threshold. ...At some point a court must decide that a plaintiff has had a fair opportunity to make his case; if, after that time, a cause has not been established, the court should finally dismiss the suit.

*Jones,* 188 F.3d at 326 (citation omitted). After consideration of the original and amended complaints and the testimony of the plaintiff, this court concludes that the plaintiff has failed to state a viable section 1983 claim against Defendant Albert Preston.[18]

---

[18] Because the plaintiff's allegations fail to establish a remediable claim against Defendant Preston, Preston's qualified immunity defense need not be addressed: "Before reaching the issue of

ACCORDINGLY,  IT IS ORDERED AND ADJUDGED that Defendant Albert Preston's Motion to Dismiss [88-1] is hereby GRANTED, that the plaintiff's section 1983 claims against him are DISMISSED WITH PREJUDICE, and that any remaining claims against him arising under state law are DISMISSED WITHOUT PREJUDICE.[19]

IT IS FURTHER ORDERED AND ADJUDGED that Defendant Albert Preston's Motion for Qualified Immunity [88-2] and his Motion for More Definite Statement [88-3] are DISMISSED AS MOOT.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant Albert Preston's Motion to Strike [90] and for other relief is DISMISSED as moot.

A separate judgment shall be entered herein in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED on this the 24th day of February, 2007.

s/Michael T. Parker
United States Magistrate Judge

---

qualified immunity, we must decide whether the plaintiff has stated a claim for a violation of a constitutional right.  Thus, if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant is entitled to dismissal on that basis." *Sappington v. Bartee,* 195 F.3d 234, 236 (5th Cir. 1999) (internal citations and quotations omitted).

[19] 28 U.S.C. § 1367(c) allows the court to decline to exercise supplemental jurisdiction over "other claims" when it has dismissed all claims over which it has original jurisdiction.